UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

IN RE: Request from Argentina Pursuant
to the Treaty Between the United States
of America and the Republic of Argentina
on Mutual Assistance in Criminal Matters in
the Matter of Rafael Elazar
_____/

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER**

The United States is seeking an order appointing a person as a commissioner to collect evidence requested by Argentina in its attached treaty request (the "Request") made pursuant to the Treaty between the United States of America and the Republic of Argentina on Mutual Assistance in Criminal Matters, signed on December 4, 1990, entered into force February 9, 1993, (the "Treaty") and to seek other orders, as needed, to execute the Request as authorized by the Treaty and 18 U.S.C. § 3512.

A.   The Present Request

The Ministry of Justice of Argentina, the Central Authority under Article 1(1) of the Treaty, makes this Request in connection with a criminal investigation by Ministerio de Relaciones Exteriores, Comercio Internacional y Culto. According to Argentinian authorities, Argentinian citizen Rafael Elazar is under investigation for fraud and the misapplication of funds. In his capacity as financial consultant for Argentinian citizens Javier Enrique Pendzik, Moises Pendzik, and Amalia Kulkin, Elazar allegedly falsified statements and misapplied funds intended for foreign investment. His purportedly fraudulent activity resulted in the loss of

$167,141.19 by the afore-mentioned clients, who believed that their money was invested in Mellon United National Bank in Miami, Florida.

Based on this and other information, Argentinian law enforcement have asked for assistance in seeking to specifically ascertain whether Javier Enrque Pendzik, Moises Pendzik, and/or Amalia Kulkin were or are holders of accounts or investments at Mellon United National Bank from 1995 to the present. If so, certified copies of the account statements and documents related to the opening of the account should be provided, as well as transaction, transfer, and withdrawal records for the account holders. In addition, the Argentinian authorities seek to determine whether the enclosed account statement, found on page ten of the Argentinian request, is genuine according to the records of Mellon United National Bank.

Federal courts, pursuant to the Treaty, statute and their inherent authority, may issue orders as may be necessary for the production of the evidence requested by Argentina including orders appointing a person as a commissioner to gather such evidence and establishing the procedures for the production of such evidence.

B.  Authority to Execute the Request

   1.  The Treaty

A treaty constitutes the law of the land. U.S. Const. art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. Asakura v. City of Seattle, Washington, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig, et al. v. Miller, Administrator, et al., 389 U.S. 429, 440-441 (1968); In re Commissioner's

Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003); United States v. Erato, 2 F.3d 11, 15-16 (2d Cir. 1993).

The United States and Argentina entered into the Treaty "desiring to improve the effectiveness of the law enforcement authorities of both countries in the investigation, prosecution, and prevention of crime through cooperation and mutual legal assistance in criminal matters." Preamble to the Treaty. In accordance with the provisions of the Treaty, each state is obliged to provide assistance to the other "in connection with the investigation, prosecution, and prevention of offenses, and in proceedings related to criminal matters." Article 1(1); In re Commissioner's Subpoenas, 325 F.3d 1287, 1290 (11th Cir. 2003). Each state contemplated that it would provide the other with assistance generally comparable to that which is available to its own law enforcement authorities, which assistance includes taking testimony or statements of persons, providing documents and other evidence, and immobilizing criminally-obtained assets. Article 1(2); Barr v. U. S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986), aff'd, 819 F.2d 25 (2d Cir. 1987).

The Treaty and 18 U.S.C. § 3512 empower federal courts to execute treaty requests in order to comply with the United States' treaty obligations. Article 5(1) provides that:

> The Courts of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute the request.

The Treaty contemplates that federal courts will use compulsory measures to execute such requests. Article 8(1) provides that:

> A person in the Requested State from whom testimony or evidence is requested pursuant to this Treaty shall be compelled, if necessary, to appear and testify or produce documents, records, or items.

The Treaty imposes no dual criminality requirement as a precondition for providing assistance. Consequently, each state party is obligated to provide assistance without regard to whether the conduct under investigation or prosecution would constitute an offense under the laws of the Requested State, except as otherwise provided by U.S. law. See Letter of Submittal of the Treaty to the President from the Department of State.

2.  Statutory Authority Grounding Execution of Requests for Assistance

The Treaty is designed to be self-executing and requires no implementing legislation. See Letter of Submittal of the Treaty to the President from the Department of State; In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003). However, because the procedural provisions in many treaties are minimal, in the past federal courts routinely utilized procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute treaty requests from foreign authorities. In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003). Substantive U.S. law regarding searches, seizures and other compulsory processes further grounded the execution of such assistance requests.

On October 19, 2009, the President signed the Foreign Evidence Request Efficiency Act of 2009 (Public Law 111-79), enacting 18 U.S.C. § 3512, the full text of which is attached for the convenience of this Court. Section 3512 explicitly authorizes a federal court to:

> issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

Section 3512 directly empowers the federal courts to execute such requests and separately codifies under Title 18 the longstanding practice and procedures employed by the United States and the federal courts to execute requests by foreign authorities for assistance to the fullest extent possible

4

under U.S. law. Congress enacted Section 3512 to make it "easier for the United States to respond to these requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 CONG. REC. S6,810 (2009)(Statement of Sen. Whitehouse).

C. <u>Execution of Foreign Requests for Assistance Under the Treaty and Section 3512</u>

   1. <u>Authorization of the Application to This Court</u>

Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

For purposes of Section 3512, an application is "duly authorized by an appropriate official of the Department of Justice" when the Department of Justice, Criminal Division, Office of International Affairs, has reviewed and authorized the request and is executing the request itself or has delegated the execution to another attorney for the government. In this matter, such authorization and delegation is evidenced by a letter dated July 30, 2010 from the Department of Justice, Criminal Division, Office of International Affairs, received by the United States Attorney, transmitting the Request to this district for execution.

Section 3512(c) authorizes filing the instant application in this district, where the majority (or all) of the evidence is located.

   2. <u>Foreign Authority Seeking Assistance Within Section 3512 and the Treaty</u>

As to the "foreign authority" making the Request, Section 3512(h) provides:

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated

5

as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

In this matter the Ministry of Justice is the designated Central Authority in Argentina for requests made pursuant to the Treaty.

As evidenced by the Request itself and confirmed in the authorization process and again by the undersigned, consistent with Section 3512(a)(1), the foreign authority seeks assistance in the investigation or prosecution of criminal offenses or in proceedings related to the prosecution of criminal offenses.

3.  <u>Authority of the Federal Courts Under Section 3512</u>

When enacting Section 3512, Congress intended that federal courts facilitate to the fullest extent possible the execution of requests by foreign authorities for assistance in criminal matters and endeavored to streamline and expedite the execution of such requests. Section 3512 authorizes federal courts to issue "such orders as may be necessary to execute a request" and specifically includes: orders for search warrants pursuant to Federal Rule of Criminal Procedure 41; orders for stored wire or electronic communications and related evidence under 18 U.S.C. § 2703; orders for pen registers and trap and trace devices under 18 U.S.C. § 3123; orders for the provision of testimony or a statement or the production of documents or other things, or both; and orders appointing "a person" to direct the taking of testimony or statements or the production of documents or other things, or both. 18 U.S.C. § 3512(a)(1), (2).

The assistance requested by Argentina pursuant to the Treaty by its Ministry of Justice in the instant Request falls squarely within that contemplated by both the Treaty and Section 3512.

D.   Appointment of a Person as Commissioner to Collect Evidence

1.   Statutory Authorization

Section 3512(b) provides that a federal judge may "issue an order appointing a person to direct the taking of testimony or statements or of the production of documents or other things, or both." The statute further authorizes the person appointed to issue orders requiring the appearance of a person, or the production of documents or other things, or both; administer any necessary oath; and take testimony or statements and receive documents or other things. Commensurate with past practice under 28 U.S.C. § 1782, it is anticipated that a federal court would appoint an attorney for the government, typically a federal prosecutor, as "commissioner."

2.   Procedures for Evidence Collection

Section 3512 (a) specifically empowers a federal judge to issue "such orders as may be necessary" to execute the request. This authorization encompasses orders specifying the procedures to be used to collect particular evidence, including procedures requested by the foreign authority to facilitate its later use of the evidence. In executing a request made pursuant to a treaty, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the treaty. See In re Commissioner's Subpoenas, 325 F.3d 1287, 1305 (11th Cir. 2003). Nothing in Section 3512 suggests any limitation on a court's power to exercise "complete discretion in prescribing the procedure to be followed" as was available under 28 U.S.C. § 1782. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989), citing 1964 U.S.C.C.A.N. at 3789.  See White v. National Football League, et al., 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of a matter before it); FED.R.CRIM.P. 57(b).

      a.    <u>Procedures Authorized by Other Statutes</u>

In addition, Section 3512 references specific U.S. laws for obtaining certain evidence and, by doing so, adopts any statutorily mandated procedures in relation to obtaining orders for search warrants; orders for contents of stored wire or electronic communications or for records related thereto; and orders for a pen register or a trap and trace device.

      b.    <u>Orders by the Person Appointed: Commissioner's Subpoenas</u>

Section 3512 authorizes the "person" appointed (here, and in past practice under 28 U.S.C. § 1782, the "commissioner") to issue orders "requiring the appearance of a person, or the production of documents or other things or both." Further, Article 5 (1) of the Treaty provides for the issuance of procedural documents, such as subpoenas, to gather evidence:

> The Courts of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute the request.

If a federal district court so orders, the commissioner may use the attached form, still entitled "commissioner's subpoena," to obtain the requested evidence. <u>See</u> <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1291 (2d Cir. 1993) (incorporating in pertinent part a district court's order directing use of commissioner's subpoenas); <u>United States v. Erato</u>, 2 F.3d 11, 13-14 (2d Cir. 1993) (same). This commissioner's subpoena is simply a version of the "order" to be issued by the person appointed by the court under Section 3512 to direct the production of evidence. Section 3512 expressly authorizes the service and enforcement of such orders, or commissioner's subpoenas, anywhere in the United States (i.e., coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions).

      c.      Notice of Evidence Taking

As an initial matter, this application is being made ex parte, consistent with U.S. practice in its domestic criminal matters and its prior practice on behalf of foreign authorities under 28 U.S.C. § 1782. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

Both Section 3512 and the Treaty at Article 8(1) authorize use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of treaty requests pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. In the absence of a specific request to provide notice, a district court and U.S. authorities can assume that a requesting foreign authority has provided such notice as the foreign law requires, or that foreign law does not require notice and the requesting foreign authority does not consider notice to be necessary or useful. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.

      d.      Right to Financial Privacy Act

The Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., does not apply to execution of foreign legal assistance requests. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir.

1989), cert. denied, 493 U.S. 1072 (1990); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987); In re Letters of Request from the Supreme Court of Hong Kong, 821 F.Supp. 204, 211 (S.D.N.Y. 1993). Consequently, to the extent that execution of a request entails production of bank or financial records, notice provisions of the Act do not apply, and the commissioner need not give, nor arrange for the custodian of records to give, notice to an account holder.  (Note that the Act itself applies only to accounts maintained in a person's name and not to corporate, perhaps even partnership, accounts.  United States v. Daccarett, 6 F.3d 37, 50-52 (2d Cir. 1993).)

Conclusion

      The instant Request is exactly the type of request contemplated for execution under Section 3512.  In its sequential legislative efforts relevant to the provision of assistance to foreign authorities, Congress has intended that the United States set an example to other nations by making judicial assistance generously available. See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1153-1154 (11th Cir. 1988), cert. denied, 488 U.S. 1005 (1989).  Section 3512 enables the United States to respond "more quickly . . . to foreign evidence requests.  These efforts will assist the United States with its investigations as foreign authorities will be urged to respond in kind to our evidence requests in a speedy manner."  155 CONG. REC. H10,093 (2009)(Statement of Rep. Schiff).

      Accordingly, to execute this Request, the United States moves this Court to issue the attached order pursuant to the Treaty and 18 U.S.C. § 3512 appointing the undersigned Assistant U.S. Attorney as commissioner, authorizing her to take the actions necessary, including the issuance of

commissioner's subpoenas, to obtain the evidence requested, to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof in Argentina.

WHEREFORE, the United States requests that the Court enter the proposed order.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY


By: /s/ Rosa Rodriguez-Mera
ROSA RODRIGUEZ-MERA
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500131
99 NE 4th Street
Miami, Florida 33132
Telephone No. (305) 961-9277
Facsimile No. (305) 530-6168
E-Mail: Rosa.Rodriguez-Mera@usdoj.gov

United States Code    Effective: October 19, 2009
Title 18. Crimes and Criminal Procedure
Part II. Criminal Procedure
Chapter 223. Witnesses and Evidence
§ 3512. Foreign requests for assistance in criminal investigations and prosecutions

(a) Execution of request for assistance.--

(1) In general.--Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

(2) Scope of orders.--Any order issued by a Federal judge pursuant to paragraph (1) may include the issuance of--

(A) a search warrant, as provided under Rule 41 of the Federal Rules of Criminal Procedure;

(B) a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703 of this title;

(C) an order for a pen register or trap and trace device as provided under section 3123 of this title; or

(D) an order requiring the appearance of a person for the purpose of providing testimony or a statement, or requiring the production of documents or other things, or both.

(b) Appointment of persons to take testimony or statements.--

(1) In general.--In response to an application for execution of a request from a foreign authority as described under subsection (a), a Federal judge may also issue an order appointing a person to direct the taking of testimony or statements or of the production of documents or other things, or both.

(2) Authority of appointed person.--Any person appointed under an order issued pursuant to paragraph (1) may--

(A) issue orders requiring the appearance of a person, or the production of documents or other things, or both;

(B) administer any necessary oath; and

(C) take testimony or statements and receive documents or other things.

(c) Filing of requests.--Except as provided under subsection (d), an application for execution of a request from a foreign authority under this section may be filed--

(1) in the district in which a person who may be required to appear resides or is located or in which the documents or things to be produced are located;

(2) in cases in which the request seeks the appearance of persons or production of documents or things that may be located in multiple districts, in any one of the districts in which such a person, documents, or things may be located; or

(3) in any case, the district in which a related Federal criminal investigation or prosecution is being conducted, or in the District of Columbia.

(d) Search warrant limitation.--An application for execution of a request for a search warrant from a foreign authority under this section, other than an application for a warrant issued as provided under section 2703 of this title, shall be filed in the district in which the place or person to be searched is located.

(e) Search warrant standard.--A Federal judge may issue a search warrant under this section only if the foreign offense for which the evidence is sought involves conduct that, if committed in the United States, would be considered an offense punishable by imprisonment for more than one year under Federal or State law.

(f) Service of order or warrant.--Except as provided under subsection (d), an order or warrant issued pursuant to this section may be served or executed in any place in the United States.

(g) Rule of construction.--Nothing in this section shall be construed to preclude any foreign authority or an interested person from obtaining assistance in a criminal investigation or prosecution pursuant to section 1782 of title 28, United States Code.

(h) Definitions.--As used in this section, the following definitions shall apply:

(1) Federal judge.--The terms "Federal judge" and "Attorney for the Government" have the meaning given such terms for the purposes of the Federal Rules of Criminal Procedure.

(2) Foreign authority.--The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

(Added Pub.L. 111-79, § 2(4), Oct. 19, 2009, 123 Stat. 2087.)
18 U.S.C.A. § 3512, 18 USCA § 3512
Current through P.L. 111-86 (excluding P.L. 111-84) approved 10-29-09